# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YVETTE NELSON** | **CIVIL** |
| **VERSUS** | **NO. 18-CV-03319** |
| **DAVID R. MORTIMER, ET. AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Considering Plaintiff Yvette Nelson's "Motion to Remand" (Rec. Doc. 5), Defendants David R. Mortimer, Hirschbach Motor Lines, Inc. d/b/a GR Equipment Leasing, Inc. Old Republic Insurance Group, Albert Hayward, and Mesa Underwriters Specialty Insurance Company's Memorandum in Opposition (Rec. Doc. 6), and for the reasons provided below,

**IT IS ORDERED** that Plaintiff's "Motion to Remand" (Rec. Doc. 5) is **GRANTED** and Civil Action 18-03319 shall be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**FACTS AND PROCEDURAL HISTORY**

The instant controversy arises out of a December 29, 2016, automobile accident between Defendant David R. Mortimer ("Defendant Mortimer") and recently joined Defendant Albert Hayward ("Defendant Hayward"). Rec. Docs. 5 and 6. Plaintiff Yvette Nelson ("Plaintiff Nelson") was a guest passenger in the vehicle operated by Defendant Hayward. The matter was originally filed in the Civil District Court for the Parish of Orleans. Defendants

1

removed this case on March 28, 2018, alleging that Plaintiff is unable to establish a cause of action against Defendant Hayward and therefore Defendant Hayward was improperly joined. Plaintiff seeks to remand.

**LAW AND ANALYSIS**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing 28 U.S.C. § 1441(a)).

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

*Id.* "When original federal jurisdiction is based on diversity, however, a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of

the State in which such action as brought.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)(citing 28 U.S.C. § 1441(b)). Where such a party is joined, the removing party may nevertheless seek to remove on the basis of diversity jurisdiction by demonstrating that the non-diverse party was improperly joined.

"To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch*, 419 F.3d at 281 (internal quotation marks and citations omitted). Under the latter, the threshold question is "whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. The burden of proof is on the removing party." *Id.* Courts resolve "all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.*

Here, Defendants contend that Plaintiff Nelson joined Defendant Hayward solely for the purpose of defeating diversity as Plaintiff Nelson "has not established any allegations against Hayward to establish a cause of action on behalf of Nelson against Hayward." Rec. Doc. 6 at 5. Defendants further contend that Plaintiff Nelson has set forth nothing which this Court could rely

3

upon to determine that it is plausible that Plaintiff Nelson will make a claim against Defendant Hayward. *Id.* at 7.

Defendants' contentions are incorrect. The Fifth Circuit has clearly stated that in order to remove a state law case to federal court there must be complete diversity between the parties. *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros.*, 881 F.3d 933, 939 (5th Cir. 2018)("Under 28 U.S.C. § 1332(a), diversity jurisdiction exists where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000."). While Defendants concede that Defendant Hayward destroys complete diversity in this case, they argue that his joinder is improper because Plaintiff is unable to establish a cause of action against him. However, Plaintiff need only plead "enough facts to raise a right to relief above a speculative level." *Schannette v. United Specialty Ins. Co.*, 2016 U.S. Dist. LEXIS 184646 (W.D. La. Dec. 6, 2016) citing to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In Plaintiff's Petition for Damages, Plaintiff provides that Defendant Hayward was operating one of the two vehicles involved

in the accident. Rec. Doc. 1-4. That fact is unchallenged and enough to raise a right to relief above a speculative level. In a two-car accident, it is almost certain that one or both of the drivers are, or at least in part, responsible for the accident. Therefore, Defendants attempt to argue both that it is not liable for the accident and that Defendant Hayward, the only other driver in the accident, is also not liable for the accident is unconvincing. In fact, Defendants' Answer to Plaintiff's state court petition provides, *inter alia*, that "[D]efendant avers that the alleged injuries and damages occurred due to acts, omissions, negligence, strict liability and/or fault of third parties over whom defendants had no responsibility or control[.]" Rec. Doc. 7, at 4. Additionally, Louisiana is a comparative fault state. La. Civ. Code Ann. art. 2323 ("In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined . . . .").

Further, in Plaintiff's Petition for Damages, Plaintiff makes allegations that both Defendant Mortimer and Defendant Hayward, proximately caused the accident and her injuries by acts of negligence. Rec. Doc. 1-4. Plaintiff lists a number of acts, including operating a vehicle in a careless and reckless manner; failure of the driver to maintain proper control of the vehicle; and failure to maintain proper outlook. Rec. Doc. 1-1 at 2. As a

5

result, it is unconvincing that all of Plaintiff's allegations are solely against Defendant Mortimer, his employer, and insurer. Plaintiff has provided minimally sufficient facts to establish a cause of action against all Defendants, including Defendant Hayward.

New Orleans, Louisiana, this 21st day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE